UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MONROE RANDLE,** | ) | **CASE NO. 1:13 CV 1327** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| **MICHAEL HOWELL, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

    *Pro se* Plaintiff Monroe Randle, a state prisoner incarcerated in the Central Mississippi Correctional Facility (CMCF) in Pearl, Mississippi, filed this action pursuant to 42 U.S.C. § 1983, against his parole officer Michael Howell, and Danny Woods and Robbin Graham. In the Complaint, Plaintiff alleges Defendants made false and unsubstantiated statements to the Mississippi State Parole Authority, causing the revocation of Plaintiff's parole in violation of his Fourteenth Amendment right to due process. (Doc. 1). He seeks monetary and injunctive relief. In an Order dated June 19, 2013, Plaintiff was ordered to either pay the full filing fee of $350 or complete and submit a Financial Application and a copy of his prisoner account statement. (Doc. 2). On July 18, 2013, Plaintiff filed an application to motion to proceed *in forma pauperis*. (Doc. 3). For the reasons that follow, plaintiff's application to proceed *in forma*

*pauperis* is denied and this case is dismissed without prejudice, pursuant to 28 U.S.C. § 1915(g).

A prisoner is prohibited from bringing a civil action *in forma pauperis* if, on three or more prior occasions, the prisoner brought an action or appeal in a court of the United States that was dismissed on the grounds it was frivolous, malicious or failed to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Randle has, on at least five prior occasions, filed an action in the federal courts, which was dismissed as frivolous or for failure to state a claim for relief. *See Randle v. Howell*, No. 1:12 CV 2996, 2013 WL 1355647 (N.D. Ohio Apr. 2, 2013) (dismissed for failure to state a claim); *Randle v. Williams*, No. 4:09CV27-P-A, ECF No. 10 (N.D. Miss. Nov. 24, 2009) (dismissal pursuant to § 1915(g)); *Randle v. Miss. State Parole Bd.*, No. 3:07CV313, 2009 WL 799252 (S.D. Miss. Mar. 24, 2009) (dismissed as frivolous); *Randle v. Scott*, No. 4:01-cv-168-GHD (N.D. Miss. Feb. 22, 2002) (dismissed for failure to state a claim); *Randle v. Maples*, No. 4:99-cv-95 (N.D. Miss. Nov. 22, 1999) (dismissed as frivolous).

As the language of § 1915(g) indicates, the three strike provision will not apply if a "prisoner is under imminent danger of serious physical injury." For purposes of interpreting the statute, the Court considers whether Plaintiff is in imminent danger at the time of the filing of the complaint. *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011) ( "[T]he plain language of § 1915(g) requires the imminent danger to be contemporaneous with the complaint's filing."). Although the Sixth Circuit has not offered a precise definition of "imminent danger," it has suggested that the threat of serious physical injury "must be real and proximate." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008). Moreover, the imminent danger exception "is essentially a pleading requirement subject to the ordinary principles of notice pleading."

*Vandiver*, 416 F. App'x at 562; *see Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) (suggesting that courts should focus solely on the facts alleged in the complaint when deciding whether a prisoner faces imminent danger). Conclusory or vague allegations of some potential danger are insufficient to satisfy the exception to the three strikes rule. *Thompson v. Sampson*, No. 1:10–cv–231, 2010 WL 1027897, at * 2–3 (W.D. Mich. Mar. 18, 2010); see also *Tucker v. Pentrich*, No. 10–1388, 2012 WL 1700701, at *1 (6th Cir. May 15, 2012) ("Allegations that the prisoner has faced danger in the past and allegations that are conclusory, ridiculous, or clearly baseless do not suffice to allege imminent harm.").

None of the allegations in Plaintiff's Complaint suggest that he was under imminent danger of serious physical injury when he filed this action. Thus, the exception to § 1915(g) does not apply in this case, and Plaintiff may not proceed *in forma pauperis*.

Accordingly, Plaintiff's application to proceed *in forma pauperis* (Doc. 3) is denied and this action is dismissed, without prejudice, pursuant to the three strikes rule set forth in 28 U.S.C. § 1915(g). If Plaintiff wishes to continue this case, he must within thirty (30) days of the entry of this Order: (1) pay the $350 filing fee in full, noting the above case style and number; **and** (2) file a motion to reopen the case. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

    s/ Christopher A. Boyko
    CHRISTOPHER A. BOYKO
    UNITED STATES DISTRICT JUDGE

DATED: July 24, 2013

---

[1] 28 U.S.C. § 1915(a)(3) provides, " An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."